**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**DECARLO MAURICE COX**                                                            **PETITIONER**

**v.**                                                        **CIVIL ACTION NO. 1:21-CV-P27-GNS**

**UNITED STATES OF AMERICA**                                                  **RESPONDENT**

**MEMORANDUM OPINION**

Petitioner DeCarlo Maurice Cox, a federal pretrial detainee, filed this *pro se* action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. After the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "the person detained is not entitled [to habeas relief]." 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 970) (district court has the duty to "screen out" petitions that lack merit on their face). Upon review, the Court concludes that the petition must be dismissed.

**I.**

Petitioner is currently detained at the Warren County Regional Jail (WCRJ) pending trial in his criminal action before this Court, *United States v. Cox*, No. 1:20-cv-14-GNS, in which he has been charged with possession of a firearm by a prohibited person. In his petition, Petitioner indicates that he is challenging a decision entered in his criminal case on August 12, 2020, which is the date of his indictment. He then states that he is challenging his pretrial detention on two grounds – 1) "illegal search and seizure" under the Fourth Amendment; and 2) because he contracted COVID-19 at the WCRJ due to the conditions of confinement there, in violation of the Eighth Amendment.

## II.

Several courts have recently considered whether federal pretrial detainees may seek release from detention under § 2241 instead of first seeking such relief in their criminal proceedings. This issue was broadly examined by the Third Circuit Court of Appeals and explained as follows:

> In 1948 the D.C. Circuit declared that "the hearing on habeas corpus is not intended as a substitute for the functions of a trial court." *Pelley v. Botkin*, 152 F.2d 12, 13, 80 U.S. App. D.C. 251 (D.C. Cir. 1945) (refusing to hear pretrial habeas challenge to constitutionality of statute). More recently, two circuit courts have criticized use of § 2241 to challenge pretrial detention orders rather than proceeding under 18 U.S.C. § 3145.[1] *See United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (affirming district court's refusal to entertain § 2241 petition); *Fassler v. United States*, 858 F.2d 1016, 1017-18 (5th Cir. 1988) (prisoner ordinarily should proceed under § 3145). The Seventh Circuit was more definitive in an unpublished opinion, declaring, "[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case." *Williams v. Hackman*, 364 F. App'x 268, 268 (7th Cir. 2010). Unpublished opinions in this circuit have taken the same view. As we explained in one of those opinions:
>
>> To be eligible for habeas relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies. The reasons for this requirement are rooted not in comity (as is the case with state prisoners), but in concerns for judicial economy. Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage "judge shopping."
>
> *Hall v. Pratt*, 97 F. App'x 246, 247-48 (10th Cir. 2004) (citations omitted); *accord Chandler v. Pratt*, 96 F. App'x 661, 662 (10th Cir. 2004) ("To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping."); *Thompson v. Robinson*, 565 F. App'x 738, 739 (10th Cir. 2014); *Ray v. Denham*, 626 F. App'x 218, 219 (10th Cir. 2015). Although the earlier cases did not speak in terms of exhaustion of remedies in federal court, as we have in our unpublished decisions, the term conveys the heart of the matter—that the prisoner is limited to proceeding by motion to the trial court, followed by a possible appeal

---

[1] Section § 3145(b) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, governs review of detention orders and provides that "[i]f a person is ordered detained by a magistrate judge . . . that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."

> after judgment, before resorting to habeas relief. *See* 17B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4261 (3d ed. 2007) ("The requirement of exhaustion of remedies ordinarily will preclude the use of [§ 2241] before trial.").

*Medina v. Choate*, 875 F.3d 1025, 1028-1029 (10th Cir. 2017) (footnote added).

In accordance with this jurisprudence, courts have considered and rejected § 2241 petitions brought on the specific grounds set forth by Petitioner. For example, a court in the Western District of Michigan recently observed that "[t]he Supreme Court has cautioned that regular federal criminal proceedings, not habeas corpus proceedings, are the proper venue to resolve the first challenge that Petitioner raises in his petition, *i.e.*, 'disputed questions of fact, and . . . disputed matters of law, [that] relate to the sufficiency of the indictment or the validity of the statute on which the charge is based.'" *Urbina v. Mendham*, No. 1:19-cv-355, 2019 U.S. Dist. LEXIS 93035, at *4 (W.D. Mich. June 4, 2019) (quoting *Henry v. Henkel*, 235 U.S. 219, 229 (1914)). Courts have also rejected § 2241 petitions brought by pretrial detainees seeking release from detention based upon their conditions of confinement. *See Dillon v. Wolf*, No. 20-cv-479-SMY, 2020 U.S. Dist. LEXIS 106885, at *5-6 (S.D. Ill. June 18, 2020) (finding it improper to consider a federal pretrial detainee's request for release based upon the COVID-19 pandemic and his health conditions in a § 2241 action because such relief must be sought under the Bail Reform Act) (citing *Frederickson v. Terrill*, 957 F.3d 1379 (7th Cir. 2020)); *Tingle v. Woosley*, No. 4:16-CV-P118-JHM, 2016 U.S. Dist. LEXIS 145942, at *4 (W.D. Ky. Oct. 21, 2016) (dismissing a federal pretrial detainee's conditions-of-confinement claims for being improperly brought in a § 2241 action).

Thus, because Petitioner seeks release from his federal pretrial detention and does not indicate that he has first sought such relief in his criminal action or exhausted his remedies there, the Court must deny and dismiss his § 2241 petition.

### III.

An individual who unsuccessfully petitions for a writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id*. In such a case, no appeal is warranted. *Id*. The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: April 12, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Petitioner, *pro se*
     U.S. Attorney
4416.011